# Exhibit "A"

Filed 9/26/2016 3:48:46 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Angie Hayes
Deputy

**CAUSE NO. 16-0558**

| | | |
|---|---|---|
| **ROBERT JOEL SHILLING** | § | **71ST JUDICIAL DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **LAWRENCE TRANSPORTATION** | § | |
| **SYSTEMS, INC. AND** | § | |
| **MICHAEL VERNON SPANGLER** | § | **HARRISON COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff ROBERT JOEL SHILLING complaining of LAWRENCE

TRANSPORTATION SYSTEMS, INC. and MICHAEL VERNON SPANGLER and for cause of

action would show the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

1.0    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct

discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4. For

purposes of satisfying TEXAS RULE OF CIVIL PROCEDURE 47(c)(3) Plaintiff seeks monetary relief

in excess of $1,000,000.00.  Plaintiff trusts in the jury's ability to consider the evidence and render

full and fair compensation for the harms and losses caused by the Defendants.  Therefore, while

pleading for relief in excess of $1,000,000.00, Plaintiff will accept the level of compensation

determined by the jury to be fair and appropriate in this case.

### II.

### PARTIES AND SERVICE

2.0    Plaintiff, ROBERT JOEL SHILLING (hereinafter referred to as "SHILLING" or

"Plaintiff"), SSN XXX-XX-2988; DL- XXXX9973 brings this action individually. Plaintiff

resides in Princeton, Louisiana.

2.0     Defendant, LAWRENCE TRANSPORTATION SYSTEMS, INC. (hereinafter referred to individually as "LAWRENCE TRANSPORTATION"), is a Virginia corporation, which maintains offices in Virginia has been served and filed an answer herein.

2.1     Defendant, MICHAEL VERNON SPANGLER (hereinafter referred to individually as "SPANGLER"), is an individual residing at 4744 Lee Highway, Apt. 2, Troutville, Virginia 24175.  SPANGLER may be served by certified mail, return receipt requested.

### III.

### JURISDICTION AND VENUE

3.0     This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court. This court has jurisdiction over SHILLING because he was injured in Texas while operating a motor vehicle on a Texas roadway.

3.1     This court has jurisdiction over SPANGLER pursuant to TEX. CIV. PRAC. & REM. CODE §17.041 *et seq.* and §17.061 *et seq.* because SPANGLER committed a tort in the course and scope of his employment with LAWRENCE TRANSPORTATION while operating an 18 wheeler interstate on Texas roadways.   This court has jurisdiction over LAWRENCE TRANSPORTATION pursuant to TEX. CIV. PRAC. & REM. CODE §17.041 *et seq.* and §17.061 *et seq.* because LAWRENCE TRANSPORTATION was the owner of the vehicle that collided with SHILLING and the employer of SPANGLER.  Upon information and belief, SPANGLER and LAWRENCE TRANSPORTATION maintained systemic, purposeful, contact with Texas and Harrison County, for the purpose of conducting interstate commerce by operating commercial vehicles on Texas roadways.

3.2     Harrison County is the proper venue for this cause of action pursuant to TEX. CIV. PRAC. & REM. CODE §15.002 *et seq.* because all or a substantial part of the events or omissions giving rise to the claim occurred in Harrison County, Texas.

## IV.

## FACTS

4.0     On or about May 21, 2015, SPANGLER was driving a Kenworth 18 wheeler near Waskom, Texas.   The 18 wheeler SPANGLER was operating was owned by LAWRENCE TRANSPORTATION.   SPANGLER was employed by LAWRENCE TRANSPORTATION and acting within the scope and course of his employment at all times relevant to this suit.

4.1     Immediately preceding the crash that gives rise to this suit, SPANGLER was driving West on Interstate 20 inside the Waskom City limits.   While operating the 18 wheeler, SPANGLER was inattentive and changed lanes unsafely.   As a result of SPANGLER'S actions, his vehicle entered the inside lane of traffic and collided with SHILLING'S pickup truck and trailer. The crash caused SHILLING to suffer serious personal injuries and other damages for which he now brings suit.

## V.

## NEGLIGENCE OF SPANGLER

5.0     Plaintiff hereby incorporates Paragraphs I – IV as if set out in their entirety herein.

5.1     Plaintiff brings a cause of action against SPANGLER under a general negligence theory.   To maintain a cause of action under a general negligence theory, Plaintiff must show the following:

(a).   SPANGLER owed a legal duty to Plaintiff;

(b).   SPANGLER breached the duty; and

(c).    SPANGLER's breach proximately caused the Plaintiff's damages.

5.2    On the occasion in question, SPANGLER operated the vehicle owned by LAWRENCE TRANSPORTATION in a negligent manner.  Specifically, SPANGLER violated the duty which he owed Plaintiff to exercise ordinary care in the operation of his vehicle as follows:

(a).    In failing to maintain a proper lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

(b).    In failing to control the speed of said vehicle;

(c).    In failing to apply the brakes properly and/or timely;

(d).    In failing to stop or obey at a traffic control light, or otherwise disobeying the rules for operating a motor vehicle on a public street; and,

(e).    In failing to pay attention when operating a motor vehicle on our state's public highways.

5.3    Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of Plaintiff's injuries and damages listed below.

## VI.

## RESPONDEAT SUPERIOR RESPONSIBILITY

6.0    Plaintiff hereby incorporates Paragraphs I – V as if set out in their entirety herein.

6.1    At all times material hereto, SPANGLER was an agent, employee, and/or servant, acting within the course and scope of his employment for LAWRENCE TRANSPORTATION.  As such, LAWRENCE TRANSPORTATION is vicariously liable – jointly and severally – for SPANGLER'S negligence and Plaintiff's damages.

## VII.

## NEGLIGENT ENTRUSTMENT

7.0    Plaintiff hereby incorporates Paragraphs I – VI as if set out in their entirety herein.

7.1     On or about May 21, 2015, LAWRENCE TRANSPORTATION was the owner of the 18 wheeler operated by SPANGLER involved in the crash giving rise to this suit.  Prior to and at the time in question, LAWRENCE TRANSPORTATION entrusted the 18 wheeler to SPANGLER for the purpose of operating it on the public streets and highways of Texas.  Thereafter, SPANGLER operated said vehicle with the knowledge, consent and permission of LAWRENCE TRANSPORTATION.

7.2     On affirmation and belief, LAWRENCE TRANSPORTATION knew or should have known that SPANGLER was incompetent and unfit to safely operate the 18 wheeler on public streets and highways in that LAWRENCE TRANSPORTATION had actual and specific knowledge that SPANGLER:

(a).    had a history of violating traffic laws;

(b).    was not trained or instructed regarding the safe operation of the vehicle in question;

(c)     was not qualified as a commercial driver; and

(d).    was an unsafe, unfit driver.

7.3     By such knowledge, LAWRENCE TRANSPORTATION knew, or in the exercise of due care should have known, that SPANGLER was an incompetent and or unfit driver, and would create an unreasonable risk of danger to persons or property on public streets and highways in Texas.

**VIII.**

**NEGLIGENT HIRING, TRAINING, RETENTION,
MAINTENANCE AND/OR SUPERVISION**

8.0     Plaintiff hereby incorporates Paragraphs I – VII as if set out in their entirety herein.

8.1     Plaintiff further contends on affirmation and belief, that LAWRENCE TRANSPORTATION was individually negligent in the following particulars, each of which individually, or in combination of one or more of the others was a proximate cause of the injuries and

damages suffered by the Plaintiff:

(a.)    In failing to properly screen, supervise, train, monitor and/or discipline its driver in regard to enforcement of proper safety procedures and regulations regarding the operation of commercial vehicles on public highways;

(b).    In failing to create, promulgate, and/or enforce proper safety and operation rules and regulations for its drivers and trucks;

(c).    In failing to enforce and ensure compliance of established safety and operational rules and regulations for its drivers and trucks;

(d).    In failing to properly maintain its trucks in safe operational condition pursuant to state and federal regulations;

(e).    In failing to maintain its trucks to the minimal standard of safety for trucks used in commercial intrastate and interstate transportation;

(f).    In failing to dismiss or adequately discipline employees who violate company, federal or state rules and regulations in the operation of its trucks, and;

(g).    In participating in or otherwise ratifying and adopting a course and custom of practice within the company which promoted or allowed its trucks and drivers to repeatedly be in violation of state and federal regulations.

8.2    Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of the crash, which forms the basis of this suit and Plaintiff's resulting injuries and damages herein.

## IX.

## PROPERTY DAMAGES & LOSS OF USE

9.0    Plaintiff hereby incorporates Paragraphs I – VIII as if set out in their entirety herein.

9.1    Plaintiff has suffered damages for deprivation and loss of use of his pickup truck. Plaintiff has been forced to expend funds on a rental car to mitigate his damages and avoid an even greater monetary loss since he would have been without transportation to and from work and to appointments with medical providers.  Plaintiff has suffered the loss of the reasonable market value of his pickup truck prior to the crash.  Plaintiff has incurred towing expenses and storage fees

related to his damaged pickup truck.

9.3     Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of the crash, which forms the basis of this suit and Plaintiff's resulting injuries and damages herein.

## X.

## PERSONAL INJURY DAMAGES

10.0     Plaintiff hereby incorporates Paragraphs I – IX as if set out in their entirety herein.

10.1     As a result of the incident described herein, Plaintiff has through the date of trial incurred medical care expenses, reasonable in sum and necessary for the treatment of injuries or aggravation of prior injuries suffered by reason of the conduct of the Defendants, and in all reasonable probability will incur further future reasonable and necessary medical care expenses in the future, for which reasonable and adequate compensation is sought through this suit.

10.2     Lost earning capacity, both in past and the future, for which reasonable and adequate compensation is sought through this suit.

10.3     Physical pain and suffering, both in the past and future, as a result of his physical injuries, for which reasonable and adequate compensation is sought through this suit.

10.4     Mental anguish, both in the past and future, as a result of the negligence of the Defendants, for which reasonable and adequate compensation is sought through this suit.

10.5     Impairment, both in the past and the future, as a result of this incident.

10.6     Disfigurement, both in the past and the future, as a result of this incident.

## XI.

## REQUEST FOR DISCLOSURE

11.0     Pursuant to Rule 194, you are requested to disclose, within 50 days of the service

of this request, the materials and information required to be disclosed under Rule 194, Texas Rules

of Civil procedure within fifty days of service hereof.

## XII.

## JURY DEMAND

12.0    Plaintiff hereby makes request that the factual determinations in this case be

determined by a jury of his peers, as is his right under the Texas and United States Constitutions.

## XIII.

## PRAYER

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that

Plaintiff have judgment against Defendant for the following:

1.      His actual damages, as set forth herein above, which are in excess of the jurisdictional
        minimum limits of this court;

2.      Prejudgment and post-judgment interest as allowed by law;

3.      Costs of suit;

4.      All other relief, in law and in equity, to which Plaintiff may be entitled.

<div style="margin-left: 40%;">

/s/ D. Scott Carlile_____
D. SCOTT CARLILE
State Bar No. 24004576
CASEY Q. CARLILE
State Bar No.  24025868
CARLILE LAW FIRM, LLP
400 S. Alamo Blvd.
Marshall, Texas 75670-4260
Telephone: (903) 938-1655
Facsimile:   (903) 938-0235
Email: scarlile@carlilelawfirm.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served, pursuant to the Texas Rules of Civil Procedure, on the attorney of record on the September 27, 2016.

/s/ D. Scott Carlile
D. SCOTT CARLILE



**CAUSE NO. 16-0558**

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

ROBERT JOEL SHILLING

VS

LAWRENCE TRANSPORTATION
SYSTEMS, INC. AND MICHAEL
VERNON SPANGELER

A TRUE COPY
of the Original hereof, I certify
*Sherry Griffis*
District Court Clerk
Harrison County, Texas
By _____
Deputy Clerk

## CITATION

TO: THE SHERIFF OR ANY CONSTABLE OF TEXAS
     OR ANY OTHER AUTHORIZED PERSON

THE STATE OF TEXAS
COUNTY OF HARRISON

TO:   MICHAEL VERNON SPANGLER
      4744 LEE HIGHWAY, APT. 2
      TROUTVILLE, VIRGINIA 24175
      OR WHEREVER HE MAY BE FOUND

       Attached is a copy of **PLAINTIFFS' FIRST AMENDED PETITION.** This instrument was filed on the 26TH day of September, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

       You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
       This citation is issued 27TH day of September, 2016, under my hand and seal of said Court.

SEAL

SHERRY GRIFFIS, DISTRICT CLERK
HARRISON COUNTY, TEXAS
Harrison County Courthouse
Marshall, Texas 75670

BY _____
             DEPUTY

Issued at the request of
SCOTT CARLILE
400 S. ALAMO BLVD
MARSHALL, TEXAS 75670-4260

Came to hand at _____ o'clock _____.m.
Executed at _____
on the _____ day of _____
defendant, in person, a true cop[...] petition
attached thereto and I endorsed [...]
To certify which I affix my hand [...]
Fee $_____

_____
          Affiant
On this day, _____
return, personally appeared. Af[...]
manner recited on the return. [...]
SWORN TO AND SUBSCRIBE[...]

_____ nty, Texas
_____ Deputy

[...]ature appears on the foregoing
[...]ecuted by him/her in the exact

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee     16-0558
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____     Postmark
☐ Adult Signature Required           $ _____      Here
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$

Sent To   *Michael Spangler*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

*AH*
*16-0558*

1. Article Addressed to:

*Michael Vernon Spanger*
*4744 Lee Highway, Apt 2*
*Troutville, Virginia 24175*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
*michael Spanger*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

OCT 06 2016

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7015 3010 0001 9733 4901

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

GREENSBORO
05 OCT '16
PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

SHERRY GRIFFIS
DISTRICT COURT CLERK
HARRISON COUNTY COURT HOUSE
200 WEST HOUSTON, STE. 234
MARSHALL, TEXAS 75670

A TRUE COPY
of the Original hereof, I certify
*Sherry Griffis*
District Court Clerk
Harrison County, Texas

By _____
Deputy Clerk